UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESSE ALONSO,

    Petitioner,

v.                                                                  Case No. 8:24-cv-2392-WFJ-CPT

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## ORDER

Jesse Alonso is a Florida prisoner serving a ten-year sentence for resisting an officer with violence.[1] He initiated this action by filing a *pro se* document titled "Motion Collateral Review," which the Court liberally construes as a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). After careful review, the petition is dismissed without prejudice as premature. *See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

A petitioner must exhaust the remedies available in state court before a federal court can grant habeas relief. 28 U.S.C. § 2254(b)(1)(A). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional

---

[1] It appears that Mr. Alonso is also serving time for other offenses, but his petition mentions only his conviction for resisting an officer with violence. (Doc. 1 at 1-2). Accordingly, the Court construes the petition as attacking that conviction alone.

issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Mr. Alonso was sentenced on September 27, 2023. *State v. Alonso*, No. 2019-CF-130, Doc. 130 (Fla. 6th Jud. Cir. Ct.). His direct appeal remains pending, *Alonso v. State*, No. 2D23-2304 (Fla. 2d DCA), and he has yet to complete the first round of state postconviction review, *State v. Alonso*, No. 2019-CF-130 (Fla. 6th Jud. Cir. Ct.). Because Mr. Alonso has failed to exhaust his state-court remedies, his § 2254 petition is premature. *See Wright v. Warden, Fla. Women's Reception Ctr.*, No. 3:23-cv-1077-MMH-LLL, 2023 WL 6064327, at *1 (M.D. Fla. Sept. 18, 2023) ("Wright's direct appeal has not yet concluded; therefore, the [§ 2254] Petition is premature."). Once Mr. Alonso's state-court proceedings conclude, he may challenge his conviction through a federal petition under § 2254.

Accordingly, Mr. Alonso's petition for writ of habeas corpus, (Doc. 1), is **DISMISSED without prejudice as premature**.[2] To the extent that a certificate of appealability is required to appeal from this order, Mr. Alonso fails to make "a substantial showing of the denial of a constitutional right," and thus a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2). The **CLERK** is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, on October 21, 2024.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

---

[2] This dismissal does not excuse Mr. Alonso from the one-year statute of limitation for federal habeas petitions. *See* 28 U.S.C. § 2244(d). The one-year period is tolled while a properly filed application for state postconviction relief is pending, but the time in which a federal habeas petition is pending does not toll the one-year period. *Duncan v. Walker*, 533 U.S. 167, 172 (2001); *Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000).